```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| WANDA HUSSEIN GASS, et al.,<br>    Plaintiffs,<br>      v.<br><br>NJ DIVISION OF YOUTH & FAMILY<br>SERVICES, et al.,<br>    Defendants. | CIVIL NO. 09-928(NLH)(KMW)<br><br>**OPINION** |

**APPEARANCES:**

WANDA HUSSEIN GASS
2207 MYNA CT.
MARTINSBURG, WV 25404

    Appearing pro se

KIRA F. SPAMAN
DEPARTMENT OF LAW & PUBLIC SAFETY
25 MARKET STREET
P.O. BOX 116
TRENTON, NJ 08625

    On behalf of defendants

**HILLMAN**, District Judge

    Plaintiff, Wanda Gass,[1] claims that defendants, the New Jersey

---

[1] Plaintiff also names as plaintiffs two minor children. DYFS represents that plaintiff is not the biological parent of these children, and although the female child was eventually "reunified" with plaintiff, the male child was not, as he was adopted by his maternal grandmother. Regardless of the legal status of these children, neither a parent nor another non-lawyer adult may prosecute the constitutional violation claims of a child. Osei-Afriyie v. Medical College of Pennsylvania, 937 F.2d 876, 882 (3d Cir. 1991) (stating that a non-lawyer appearing pro se is not entitled to play the role of attorney for his children in federal court). Further, even though a court cannot dismiss a minor child's case simply because his parent has filed it pro se, Harris-Thomas v. Christina School Dist., 145 Fed. Appx. 714, 714 (3d Cir. 2005), none of the claims in plaintiff's complaint can be construed to assert that defendants violated the children's constitutional rights. Instead, plaintiff's complaint solely

Division of Youth and Family Services (DYFS), DYFS caseworkers, attorneys from the Office of Attorney General, an attorney with the Public Defender's Office, and a Superior Court Judge, have violated her unspecified constitutional rights because they conspired to terminate her parental rights concerning two minor children, as well as harassed her by cancelling visitations and therapy sessions and rescheduling court dates.  Plaintiff has brought her claims pursuant to "U.S.C. Section 241, 242, 245,"[2] and has requested five hundred thousand dollars in damages.  It appears that she is also asking that the Court issue an order directing that the children live with her.  Defendants[3] have moved to dismiss plaintiff's

---

makes allegations regarding how defendants violated her rights. Therefore, the Court finds that the minor children are improper plaintiffs, and strikes plaintiff's naming of them in her complaint.

[2] It appears that plaintiff bases the Court's jurisdiction on 18 U.S.C. §§ 241, 242 and 245.  These are criminal enforcement provisions for the deprivation of civil rights.  As discussed below, the proper vehicle for bringing her civil constitutional violation claims is 42 U.S.C. § 1983.

[3] DYFS notes in its brief that even though DYFS itself was not specifically named as a defendant, it is clear that plaintiff's claims are being asserted against DYFS in addition to the individual defendants.  DYFS also notes that the summons was addressed to DYFS and served onto DYFS.  DYFS has therefore moved for dismissal of plaintiff's complaint.  Relatedly, there is no indication on the docket that the individual defendants have been served, and, thus, they have not moved for dismissal.  The Court will review the sufficiency of plaintiff's claims against DYFS as properly raised by motion, and will review the sufficiency of plaintiff's claims against the individual defendants under its inherent authority to dismiss the action "provided that the complaint affords a sufficient basis for the court's action." Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir.

complaint, arguing that they are immune from suit.  Plaintiff has opposed defendants' motion.  For the reasons expressed below, defendants' motion will be granted.

## DISCUSSION

### A.    Jurisdiction

Even though plaintiff brings her claims pursuant to "U.S.C. Section 241, 242, 245," the proper statutory provision by which to bring her claims is 42 U.S.C. § 1983.  Because plaintiff is proceeding pro se, the Court will construe her complaint as proceeding pursuant to § 1983.  Accordingly, this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

### B.    Motion to Dismiss Standard

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all

---

1980).  The Court will refer to "defendants" collectively.

the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").  A court need not credit either "bald assertions" or "legal conclusions" in a

4

complaint when deciding a motion to dismiss.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

    **C.**    **Analysis**

Plaintiff demands a $500,000 judgment against defendants for their violation of her unspecified constitutional rights because of the termination of her parental rights, and harassment through cancellations and rescheduling of visitations, therapy sessions and court dates.  It also appears that plaintiff is asking the Court to order that the children live with her.  Plaintiff's claims are incognizable for several reasons.

First, plaintiff's complaint is in violation of Federal Civil Procedure Rule 8(a).  Under the liberal federal pleading rules, the pleadings are required to give the defendants fair notice of what plaintiff's claim is and the grounds upon which it rests. Baldwin County Welcome Ctr., 466 U.S. at 149-50 n.3.  Plaintiff's complaint provides defendants with no indication of which constitutional rights they have allegedly violated.  Even though pro se complaints are to be construed liberally, Estelle v. Gamble, 429 U.S. 97, 107 (1976), neither the Court nor defendants can surmise as to what constitutional provisions plaintiff contends defendants violated.

5

Pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure." McNeil v. United States, 508 U.S. 106, 113 (1993).

Even if plaintiff were permitted to amend her complaint to specify the constitutional provisions defendants allegedly violated, it would be futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (stating that Third Circuit case law "supports the notion that in civil rights cases district courts must offer amendment--irrespective of whether it is requested--when dismissing a case for failure to state a claim unless doing so would be inequitable or futile"). With regard to DYFS, and any plaintiff sued in his or her official capacity[4], her claim for money damages is barred by the doctrine of sovereign immunity. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989) (stating that § 1983 "provides a federal forum to remedy many deprivations

---

[4] Plaintiff does not specify whether she is suing the individual defendants in their official or personal capacities. The nature of plaintiff's claims, and her specification of defendants' job titles in the caption and body of her complaint, evidences that plaintiff is suing the individual defendants in their official capacities. Even if plaintiff was suing defendants in their personal capacities, in order for individual liability to attach, plaintiff must prove that defendants are not entitled to qualified immunity. To do so, plaintiff must allege--then prove--that their conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Plaintiff has not made any such allegations.

of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  The Eleventh Amendment bars such suits unless the State has waived its immunity"); Quern v. Jordan, 440 U.S. 332, 342 (1979) (reaffirming "that a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment"); Employees of Dept. of Public Health & Welfare v. Dept. of Public Health & Welfare, 411 U.S. 279, 280 (1973) (stating that even though the text of the Eleventh Amendment expressly bars suits in federal court against states by citizens of other states and foreign states, the Amendment has been broadly interpreted to provide immunity to an unconsenting state for "suits brought in federal courts by her own citizens as well"); see also Kentucky v. Graham, 473 U.S. 159, 165 (1985) (stating that suing a government employee in his official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent"); Melo v. Hafer, 912 F.2d 628, 636 (3d Cir. 1990) (finding that the Eleventh Amendment has been interpreted to bar suits for monetary damages by private parties in federal court against a state, state agencies, or state employees sued in their official capacity).

Additionally, neither DYFS nor the individual defendants, sued in their official capacities, are "persons" under § 1983, which is

7

a requirement for money damages under § 1983.  See Will, 491 U.S. at 66, 71 (stating that a state is not a "person" within the meaning of § 1983, and a "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and "[a]s such, it is no different from a suit against the State itself").

Further, to the extent that plaintiff's complaint can be construed as seeking the reversal of the state court custody orders by directing that the children should live with her, the Rooker-Feldman doctrine prohibits this Court from maintaining subject matter jurisdiction over plaintiff's request which effectively seeks to vacate an order of the New Jersey Superior Court.  See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 291-92 (2005) (explaining that in the Rooker and Feldman cases, plaintiffs in both cases, alleging federal-question jurisdiction, called upon the district court to overturn an injurious state-court judgment).  The Anti-Injunction Act also prohibits the federal courts from interfering with proceedings in the state courts: "A court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  Additionally, although it is not entirely clear from plaintiff's complaint, issues of abstention may be implicated.  See, e.g.,

8

Weinstein v. Lasover, 1993 WL 475505, *2 (E.D. Pa. 1993) (abstaining under Younger v. Harris, 401 U.S. 37 (1971), which is the abstention doctrine resting on a strong federal policy of noninterference with pending state judicial proceedings, from issuing an injunction enjoining the enforcement of a visitation and support order); Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976) (providing that federal district courts may abstain from hearing cases and controversies under "exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest").

    Consequently, because the Court cannot grant plaintiff the relief she has requested, plaintiff's complaint must be dismissed. An appropriate Order will be entered.

Date: September 2, 2009          s/ Noel L. Hillman

At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

9